IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE ANTONIO PEREZ,      § | | |
| Petitioner,      § | | |
| § | | |
| v.      § | No. 3:17-CV-3319-D-BT | |
| § | | |
| LORIE DAVIS, Director TDCJ-CID      § | | |
| Respondent.      § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Jose Antonio Perez, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the petition should be denied.

I.

On January 29, 2015, a jury found Petitioner guilty of aggravated sexual assault of a child under fourteen years of age and sentenced him to sixty years imprisonment. *State of Texas v. Jose Antonio Perez*, No. F-1271985-U (291st Dist. Ct., Dallas County, Tex., January 29, 2015). The Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *Perez v. State*, No. 05-15-00163-CR, 2016 WL 4546026 (Tex. App. – Dallas 2016, pet. ref'd). Petitioner did not file a petition for discretionary review. Petitioner subsequently filed a state habeas petition, *Ex parte Perez*, No. 87,616-01, which the Court of Criminal Appeals denied without written order on the findings of the trial court without a hearing. Petitioner then filed this § 2254 petition.

As best the Court understands his arguments, Petitioner claims: (1) the trial court failed to instruct the jury in accordance with Article 36.14 of the Texas Code of Criminal Procedure; (2) the trial court erred by "allowing extraneous offense testimony" at trial; and (3) the Texas Court of Criminal Appeals erred in denying his state habeas petition by accepting the trial court's findings.[1]

## II.

### A.   Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law

---

[1] In an addendum to his § 2254 petition, Petitioner states he has specifically chosen not to file a brief in support of his habeas petition. Further, although Respondent filed a response, Petitioner never filed a reply.

or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

Under Texas law, when the Court of Criminal Appeals denies a state habeas petition, as in the present case, the "denial" means that the court rejected the merits of a particular claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim.")*; Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits.") Because the Court of Criminal Appeals denied Petitioner's claims on the merits, the deferential AEDPA standard of review applies to this petition.

### B. Failure to instruct the jury

Petitioner initially claims the trial court erred because it "failed to uphold Article 36.14 of the Texas Code of Criminal Procedure – Reversible error." In support of this claim, Petitioner states, "Trial court's failure to instruct the jury of governing law. Court of Criminal Appeals Austin, Texas failed to announce ruling

3

that trial court erred to instruct on governing law which would have provided basis for relief and were not procedurally barred."

Petitioner are so vague it is impossible for the Court to determine exactly what he is alleging. He further fails to provide any evidence from the record in support of his vague and conclusory claim. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *See United States v. Woods*, 870 F.2d. 285, 287-288 (5th Cir. 1989) (stating that a petitioner bears the burden "of demonstrating at least prima facie, those facts that establish a constitutional violation"); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case."). Additionally, allegations in a federal habeas petition that are inadequately briefed are waived and will not be considered. *Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002).

Petitioner's conclusory claim that the trial court "failed to uphold Article 36.14 of the Texas Code of Criminal Procedure," without any further explanation or evidence from the record, is insufficient to provide a basis for relief. *See id.*

### C. Extraneous testimony

The entirety of Petitioner's argument on his second ground for relief is that "the trial court erred [in] allowing extraneous offense testimony. Court of Criminal Appeals substantiated trial court's findings was indeed error." Petitioner fails to indicate what testimony was extraneous, or who provided it. He further provides no support from the record for this claim. As with the previous

claim, Petitioner's mere allegation, unsupported by evidence from the record, is insufficient to provide a basis for relief. *Woods*, 307 F.3d at 357; *Schlang*, 691 F.2d at 799.

### D.     State Habeas Proceeding

Lastly, Petitioner argues the state habeas court erred in accepting the trial court's findings that a claim in his state habeas petition was procedurally barred. Petitioner's claim challenging the state habeas process does not state a claim for federal habeas relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) ("infirmities in the state habeas process do not constitute grounds for relief in federal court"); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (per curiam) (stating federal habeas relief is not available based on state habeas court's misapplication of its own procedural rules).

Even if the Court were to review the claim, Petitioner would not qualify for federal habeas relief. As with the prior claims, Petitioner's argument is too vague and conclusory for the Court to review. Petitioner merely states, "This error based on the amended indictment instead of the original indictment was indeed structural error calculated to deprive petitioner Perez of his rights. Constitutional rights to a fair and impartial trial." Petitioner provides no further argument or explanation; nor does he provide any evidence from the record to support his allegation. This is insufficient to provide a basis on which to grant Petitioner relief. *Woods*, 307 F.3d at 357; *Schlang*, 691 F.2d at 799.

### E. Summary

Petitioner has provided insufficient argument—and no evidence—to demonstrate the trial court failed to properly instruct the jury or allowed into trial impermissible extraneous testimony. Additionally, Petitioner's challenge to the state habeas process is not cognizable. Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts considering the evidence presented in the state court proceeding. *Williams*, 529 U.S. at 380-84. He fails to show there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

### III.

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed December 27, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).